UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE M. KINNEY,<br><br>    Plaintiff,<br><br>    v.<br><br>KATHY RUNNION, et al.,<br><br>    Defendants. | Case No. 18-cv-00258-MEJ<br><br>**ORDER RE: MOTION TO AMEND; MOTION FOR EXTENSION OF TIME**<br><br>Re: Dkt. Nos. 3, 5 |

Plaintiff filed a Complaint in Marin Superior Court, alleging Defendants stole her cat, Emmeline, who is Plaintiff's emotional support animal. *See* Compl., Dkt. No. 1-1. The Complaint asserts ten claims, including a number of federal claims. *See id.* (asserting claims for violation of 42 U.S.C. § 1983 and 42 U.S.C. § 12181).

With the consent of co-defendant Point Reyes Animal Hospital, Defendant Kathy Runnion removed the action to this Court on January 11, 2018. Not. of Removal, Dkt. No. 1. Defendant moved for an extension of time to respond to the Complaint after Plaintiff refused to stipulate to one. *See* Mot. for Ext., Dkt. No. 3; Wagman Decl. ¶ 6 & Ex. A, Dkt. No. 3-1. Counsel was retained on December 29, 2017, and the attorney primarily responsible for responding to the Complaint is serving on a two-week jury trial. Wagman Decl. ¶ 4.

On January 12, 2018, Plaintiff filed a first amended complaint, which removed the two federal claims and added a third defendant. *See* FAC, Dkt. No. 4. Plaintiff also filed an "Ex Parte Application for Leave to Amend the Complaint." Ex Parte Appl., Dkt. No. 5. In her Ex Parte Application, Plaintiff asks the Court to remand the matter to Marin Superior Court. *Id.* at 2. Contrary to Plaintiff's representation (*id.*), her Ex Parte Application in no way complies with this District's Local Rules (or the Federal Rules of Civil Procedure), unnecessarily casts aspersions on

Defendant's counsel, and needlessly burdens the Court.

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleadings once as a matter of course within 21 days after serving it.[1] Defendant was served with the summons and Complaint on December 13, 2017. Not. of Removal ¶ 2. Plaintiff thus could amend her Complaint as a matter of course until January 3, 2018. Alternatively, Plaintiff can amend her Complaint once, as a matter of course, 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(b). But Defendant has not yet filed a responsive pleading. Moreover, Plaintiff's ex parte Application to amend is improper. *See* Civ. L.R. 7-10 ("Unless otherwise ordered by the assigned Judge, a party may file an ex parte motion, that is, a motion filed without notice to opposing party, only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an ex parte motion in the circumstances and the party has complied with the applicable provisions allowing the party to approach the Court on an ex parte basis. The motion must include a citation to the statute, rule or order which permits the use of an ex parte motion to obtain the relief sought."). Plaintiff's ex parte Application does not cite the statute, rule, or order which permits the use of an ex parte motion. *See* Ex Parte Appl.

Plaintiff represents time of the essence, but she has not taken any steps to accelerate the typical litigation timeline; she has not requested a temporary restraining order or moved for an order shortening time on a motion for leave to amend pursuant to Local Rule 6-1.

For the foregoing reasons, the Court (1) **GRANTS** Defendant's motion for a two-week extension of time to respond to the operative Complaint until February 2, 2018; (2) **DENIES** Plaintiff's ex parte motion to amend the complaint; and (3) **STRIKES** the first amended complaint. The Court also **ORDERS** the parties to meet and confer telephonically and in good faith to determine how to most efficiently – for their clients as well as for the Court – litigate this

---

[1] Plaintiff contends she is entitled to amend her complaint as a matter of course before a responsive pleading is filed. Ex Parte Appl. at 3. This reflects an earlier version of Rule 15(a), before its 2009 amendment. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1007-08 (9th Cir. 2015).

case.  *See* Fed. R. Civ. P. 1.  For example, the parties may wish to stipulate to a voluntary dismissal of Plaintiff's federal claims and to remand.

**IT IS SO ORDERED.**

Dated: January 12, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge